Robert Mitchell (WSBN 37444)
Attorney at Law, PLLC
901 N. Monroe Street, Ste 356
Spokane, WA  99201
Telephone: 509-327-2224
Facsimile: 509-327-3374
Email: bobmitchellaw@yahoo.com

Attorney for Plaintiff, GWEN STINSON

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

| | |
|---|---|
| GWEN STINSON,<br><br>        Plaintiff,<br><br>        v.<br><br>CAVALRY PORTFOLIO SERVICES, LLC, a Delaware Limited Liability Company, and NANCY A. SMITH & ASSOCIATES, an Oregon Debt Collection Law Firm, and SMITH & GREAVES, LLP, an Oregon Debt Collection Law Firm; and NANCY A. SMITH, a Washington Licensed Debt Collection Attorney, and JAMES A. UNDERWOOD, a Washington Licensed Debt Collection Attorney, and ROBERT D. GREAVES, a Washington Licensed Debt Collection Attorney,<br><br>        Defendants. | NO.<br><br>PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF FOR VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, THE WASHINGTON COLLECTION AGENCY ACT, AND THE FAIR DEBT COLLECTION PRACTICES ACT, *INTER ALIA* |

PLAINTIFF'S COMPLAINT          1

COMES NOW, Plaintiff, GWEN STINSON, by and through her counsel, ROBERT MITCHELL, and complains against the Defendants as follows:

## I.   <u>STATEMENT OF THE CASE</u>

Defendants filed a lawsuit against Plaintiff to collect a debt which Defendants had absolutely no legal right to collect.   Moreover, Defendants attached inadmissible documents to the Court file in attempt to deceive the Court into issuing an erroneous and invalid judgment against Plaintiff.

Defendants do not own the debt.  Defendants have no admissible proof of a debt.   Furthermore, the action was barred by the Statute of Limitations. Defendants knew that the collection lawsuit was absolutely without merit. Nevertheless, Defendants filed the lawsuit and pursued a judgment against Plaintiff.  More importantly, in an effort to obtain the judgment, Defendants filed an inadmissible and unsigned credit card agreement along with the summons and complaint.

Plaintiff was forced to seek out and retain an attorney to file a Motion for Summary Judgment to have the case dismissed.  Defendants then attempted to dismiss the lawsuit without prejudice to avoid paying Plaintiff's reasonably incurred legal fees resulting from defending the frivolous lawsuit.  Eventually, after several pleadings and correspondence between counsel, Defendants dismissed the action with prejudice and agreed to pay Plaintiff's reasonable costs and fees.

Plaintiff brings this action to obtain injunctive relief designed to protect Washington consumers by preventing Defendants from engaging in this unfair and deceptive collection practice in the future.

PLAINTIFF'S COMPLAINT                    2

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

## II.    PARTIES

2.1    Plaintiff, GWEN STINSON, is a resident of Cowlitz County, Washington.

2.2    Plaintiff obtained and used a credit card from Citibank, which she used primarily for personal, family, and household purposes.

2.3    Plaintiff is therefore a "debtor" as defined by the Fair Debt Collection Practices Act (FDCPA), and the Collection Agency Act (CAA), and a "consumer" as defined by the Consumer Protection Act (CPA), and Plaintiff acted as a "debtor" and "consumer" at all times relevant to this litigation.

2.4    Defendant, CAVALRY PORTFOLIO SERVICES, LLC, a Delaware Limited Liability Company, (hereinafter "Defendant") is a purchaser of large portfolios of charged off credit card debts.

2.5    Defendant regularly attempts to collect these third party debts.

2.6    Defendant is therefore a collection agency and a business which regularly collects debts owed to others, and which conducts business in this state pursuant to UBI No. 602235105.

2.7    Defendant, CAVALRY, is therefore a "debt collector" as defined by the FDCPA, a "collection agency" as defined by the CAA, a "business" as defined by the CPA, and Defendant acted as such at all times relevant to this complaint.

2.8    Defendants, NANCY A. SMITH & ASSOCIATES, and SMITH & GREAVES, are Oregon Debt Collection Law Firms, which regularly attempt to collect third party debts.

2.9    Defendants NANCY A. SMITH & ASSOCIATES, and SMITH &

PLAINTIFF'S COMPLAINT                    3

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

GREAVES, are therefore "debt collectors" as defined by the FDCPA, "collection agencies" as defined by the CAA, "businesses" as defined by the CPA, and Defendants acted as such at all times relevant to this complaint.

2.10   Defendants, NANCY A. SMITH, JAMES A. UNDERWOOD, and ROBERT D. GREAVES, are the Washington Licensed Debt Collection Attorneys who filed and prosecuted the debt collection action against Plaintiff.

2.11   Defendants regularly attempt to collect third party debts and operate as debt collectors in Washington pursuant to Washington State Bar Nos. 16002, 43401, and 35985, respectively.

2.12   All Defendants made attempts to collect the debt at the heart of this litigation.

## III.   <u>JURISDICTION AND VENUE</u>

3.1   Jurisdiction and Venue in the United States District Court, Western District of Washington, are appropriate where this dispute predominantly involves issues of federal law, and where all acts at issue and described herein occurred in this district, and where the injury to Plaintiff occurred in this district, and where Plaintiff is a resident of this district, and where the Defendants conduct substantial business in this district.   (28 U.S.C. §1332; 28 U.S.C. §1391(b); and 28 U.S.C. §1331).

3.2   Defendants are liable unto Plaintiff pursuant to the provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., as well as other applicable federal and state laws.   Defendants are also liable unto Plaintiff pursuant to the laws of the State of Washington, which claims may be brought under the Supplemental Jurisdiction of this Court. 28 U.S.C. 1367, et seq.

PLAINTIFF'S COMPLAINT                          4                     Robert Mitchell, Attorney at Law
                                                                   901 N. Monroe, Suite 356
                                                                   Spokane, WA  99201
                                                                   (509) 327-2224     Fax (509) 327-3374

## IV.   FACTS

4.1    Years ago, prior to the year 2000, Plaintiff incurred a credit card debt to Citibank, which she used primarily for personal, household, and family purposes.

4.2    Plaintiff defaulted on the credit card.

4.3    Subsequently, in 2000, Plaintiff paid the Citibank debt in full in order to obtain financing to purchase a home.

4.4    Therefore, not only was the debt paid in full, but the last payment made on the account was approximately 11 years ago.

4.5    Nevertheless, on May 4, 2011, Defendants filed a Cowlitz County District Court lawsuit to collect "the sum of $3,757.88, plus accrued interest at 12% per annum, as of April 21, 2011, in the amount of $2,212.78." See, Cowlitz County District Court Case 11C0869.

4.6    Interest at 12% per annum on a sum of $3,757.88 can only be as high as $2,212.78 if that interest has been accruing for many, many years.

4.7    Defendants did not submit any admissible evidence of the interest rate or amount alleged.

4.8    Defendants did not submit any admissible evidence of the principal balance alleged.

4.9    In fact, Defendants filed an inadmissible and unsigned credit card agreement along with the summons and complaint.

4.10   Defendants did not file any affidavit or declaration along with the unsigned credit card agreement, as required by the Business Records Act, RCW 5.45, et seq.

PLAINTIFF'S COMPLAINT                             5                   Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

4.11   Defendants added the unsigned credit card agreement to the Court file in an attempt to deceive Plaintiff and the Court.

4.12   Defendants did not include a Bill of Sale, or an affidavit or declaration attesting to the Bill of Sale in their Cowlitz County District Court complaint.

4.13   Defendants could not, and still cannot prove ownership of the debt.

4.14   Defendants' lawsuit does not even allege a date of default.

4.15   Nevertheless, Defendants either knew or should have known that the debt collection lawsuit was barred by the Statute of Limitations.

4.16   Defendants have no proof of assent, which is evidence required to sue upon a credit card debt in this state.  See Discover v. Bridges, 154 Wn.App. 722, 727, 226 P.3d 191 (2010); Discover v. Ray, 139 Wash.App. 723, 162 P.3d 1131 (2007); and Citibank v. Ryan, 2011 WL 396014 (Wash.App. Div. 1).

4.17   Nevertheless, Defendants filed the lawsuit and forced Plaintiff to seek out and retain an attorney to defend the frivolous lawsuit in order to avoid the issuance of an invalid and erroneous default judgment.

4.18   Defendants' summons and complaint was the first communication Plaintiff had ever received from Defendants.

4.19   Despite this having been the first communication Plaintiff had received from Defendants, the complaint did not itemize how Defendants arrived at the principal balance of $3,757.88, the interest amount of $2,212.78, or the interest rate of 12% per annum.

4.20   Furthermore, although this was the first communication Plaintiff had received from Defendants, the complaint did not disclose any collection fees or

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

other charges which most surely had been added by Defendants, or the date of the last payment allegedly made on the account.

4.21   On May 13, 2011, the undersigned counsel for Plaintiff filed a Notice of Appearance, Answer, and Motion for Summary Judgment in <u>Cowlitz County District Court Cause No. 11C0869</u>.

4.22   Defendants were unable to provide proof of assent or Defendants' standing to sue on the subject debt, and thus Defendants could not meaningfully respond to Ms. Stinson's motion.

4.23   After some reluctance and in apparent recognition of their lack of evidence, Defendants decided to dismiss their lawsuit against Ms. Stinson instead of defending the Summary Judgment motion.

4.24   Despite Defendants' admission, through dismissal, that their action was baseless, Defendants fought Ms. Stinson on the issue of prevailing party attorneys fees pursuant to RCW <u>4.84</u> et seq.

4.25   Defendants, after forcing Plaintiff to defend a frivolous, baseless, time-barred Cowlitz County District Court lawsuit, wanted to deny Plaintiff's compensation for the trouble Defendants put her through.

4.26   Defendants ultimately acknowledged that Ms. Stinson was the prevailing party pursuant to RCW <u>4.84</u> et seq., and settled the matter of Plaintiff's fees and costs.

4.27   Plaintiff went through two months of litigation because of Defendants; this litigation was completely baseless and unnecessary, and Defendants were particularly obstinate.

4.28   Plaintiff suffered intense stress, anxiety, frustration, embarrassment,

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

humiliation, and other extreme emotional distress because of Defendants' unfair and deceptive acts, conduct, and business practices.

4.29   Plaintiff prays that Defendants are never allowed to engage in such acts, conduct, or business practices against any Washington consumer ever again.

## V.   FAIR DEBT COLLECTION PRACTICES ACT VIOLATION
### (Application of the Statute)

5.1   Plaintiff re-alleges paragraphs 1 through 4, inclusive as though fully set forth herein.

5.2   Pursuant to the Fair Debt Collection Practices Act (FDCPA), a "consumer" or "debtor" means "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. §1692a(3).

5.3   Pursuant to the FDCPA, the term "debt" means: "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. §1692a(5).

5.4   Pursuant to the FDCPA, the term "debt collector" means: "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6).

5.5   Defendant collection agency is, without a doubt, a "debt collector" as defined by the FDCPA.

PLAINTIFF'S COMPLAINT                    8                    Robert Mitchell, Attorney at Law
                                                             901 N. Monroe, Suite 356
                                                             Spokane, WA  99201
                                                             (509) 327-2224     Fax (509) 327-3374

5.6    The FDCPA also applies to attorneys who "regularly" attempt to collect third party debts.  (See Fox v. Citicorp Credit Servs., Inc., 15 F.3d 1507 (9th Cir. 1994)).

5.7    An attorney is a "collection attorney" or "debt collector" and "regularly" collects the debts of another if the volume of his collection cases is high, regardless of what percent of his practice the collection cases actual represent.  (See Garrett v. Derbes, 110 F.3d 317 (5th Cir. 1997); holding that an attorney who collected against 639 different individuals in a nine-month period satisfied the requirement that he "regularly" collected debts for another although those 639 cases only represented .5% of his practice.  He was regularly collecting consumer debts because that volume was great enough to meet the threshold.).

5.8    Therefore, the FDCPA applies in this case because the Plaintiff is a "debtor," the debt at the heart of this case is a "consumer debt," which arose from a transaction in which the services are primarily for personal, family, or household purposes, and the Defendant collection agency is a "debt collector" which attempted to collect a debt owed to a third party.

## VI.    FIRST CAUSE OF ACTION

Fair Debt Collection Practices Act Violation

(False, Deceptive, or Misleading Representations)

6.1    Plaintiff re-alleges paragraphs 1 through 5, inclusive as though fully set forth herein.

6.2    The Fair Debt Collection Practices Act (FDCPA) states in pertinent part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."   15 U.S.C. §1692e.

PLAINTIFF'S COMPLAINT                              9                    Robert Mitchell, Attorney at Law
                                                                       901 N. Monroe, Suite 356
                                                                       Spokane, WA  99201
                                                                       (509) 327-2224     Fax (509) 327-3374

6.3    The act further states that the following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt...." 15 U.S.C. §1692e(2).

6.4    The act further states that the following conduct is a violation of section 1692e: "The threat to take any action that cannot legally be taken or that is not intended to be taken."  15 U.S.C. §1692e(5).

6.5    15 U.S.C. §1692e(5) is violated by taking an illegal action, as well as by threatening it; see, Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.").

6.6    The act further states that the following conduct is a violation of section 1692e: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

6.7    In this case, Defendants brought a lawsuit against Plaintiff in Cowlitz County District Court to collect a time-barred debt, an action that cannot legally be taken.

6.8    Defendants could not prove that they had standing to bring the Cowlitz County District Court lawsuit, and to bring a lawsuit without standing to do so is an action that Defendants cannot legally take.

6.9    Defendants attached no affidavit or declaration to their Cowlitz County District Court complaint against Plaintiff.

PLAINTIFF'S COMPLAINT                    10                Robert Mitchell, Attorney at Law
                                                          901 N. Monroe, Suite 356
                                                          Spokane, WA  99201
                                                          (509) 327-2224     Fax (509) 327-3374

6.10   Defendants had no evidence of assent to the debt, and to bring a lawsuit with no evidence misrepresents the legal status of the debt and is an action that Defendants cannot legally take.

6.11   Defendants attached an inadmissible and unsigned credit card agreement to their Cowlitz County District Court complaint, in order to deceive Plaintiff and the court as to the legal status of the debt.

6.12   Defendants attempted to obtain a judgment against Plaintiff improperly and unlawfully.

6.13   Defendants brought the lawsuit knowing that it was frivolous, which is false, deceptive, and misleading.

6.14   Initially in the course of the Cowlitz County District Court litigation, Defendants persisted in misrepresenting the legal status of the debt.

6.15   Ultimately, Defendants decided to dismiss the case against Ms. Stinson, which is an admission by Defendants that Defendants' action was false, misleading, and deceptive and not a case they could legally bring.

6.16   Defendants also admitted that Ms. Stinson was the prevailing party.

6.17   Defendant therefore violated the statute by falsely representing the character, amount and legal status of the subject debt where Defendants brought a collection lawsuit against Plaintiff with no standing and no evidence.

6.18   Defendants therefore violated 15 U.S.C. §1692e(2), 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by seeking an unlawful judgment against Plaintiff using false and deceptive means and misrepresenting the character and legal status of the debt by bringing a case with no admissible evidence.

PLAINTIFF'S COMPLAINT                              11                    Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

6.19   Plaintiff was injured by Defendants' actions in that she suffered intense stress and emotional upset from being sued for a debt she paid off over 11 years ago.

6.20   Defendant's actions were a direct and proximate cause of Plaintiff's injuries and damages.

6.21   Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

6.22   Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## VII.    SECOND CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation

### (Unfair Practices - Threats)

7.1   Plaintiff re-alleges paragraphs 1 through 6, inclusive as though fully set forth herein.

7.2   The Fair Debt Collection Practices Act (FDCPA) states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §1692f.

7.3   The act further states that it is an unfair act to collect or attempt to collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §1692f(1).

7.4   In this case, Defendants filed a Cowlitz County District Court lawsuit to collect "the sum of $3,757.88, plus accrued interest at 12% per annum, as of April 21, 2011, in the amount of $2,212.78." See, Cowlitz County District Court Case 11C0869.

PLAINTIFF'S COMPLAINT                    12                Robert Mitchell, Attorney at Law
                                                          901 N. Monroe, Suite 356
                                                          Spokane, WA  99201
                                                          (509) 327-2224    Fax (509) 327-3374

7.5    Defendants had no basis in law to seek these sums, because Defendants -- a debt buyer and its attorneys -- could not prove chain of title and had no standing to sue.

7.6    Furthermore, Defendants had no basis in any agreement creating the debt to seek these sums, because Defendants, a debt buyer and the attorneys representing them, did not have admissible evidence of any credit card contract.

7.7    Furthermore, interest at 12% per annum on a sum of $3,757.88 can only be as high as $2,212.78 if that interest has been accruing for many years, well past Washington's six-year Statute of Limitations.

7.8    Defendants, therefore, had no legal or contractual basis for such a threat or demand.

7.9    Defendants therefore violated the statute where Defendants threatened to sue Plaintiff for interest, court costs, and attorney's fees where such amounts were not expressly authorized by an agreement creating the debt or permitted by law.

7.10   Plaintiff was injured by Defendants' actions in that she suffered intense stress and emotional upset from being sued for a debt she paid off over 11 years ago.

7.11   Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

7.12   Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

7.13   Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

PLAINTIFF'S COMPLAINT                    13                Robert Mitchell, Attorney at Law
                                                          901 N. Monroe, Suite 356
                                                          Spokane, WA  99201
                                                          (509) 327-2224     Fax (509) 327-3374

# VIII.  THIRD CAUSE OF ACTION

## (State Collection Agency Act Violation)

8.1    Plaintiff re-alleges paragraphs 1 through 7, inclusive as though fully set forth herein.

8.2    The Washington Collection Agency Act states that it is an unfair practice to: "Communicate in writing with a debtor concerning a claim through a proper legal action, process, or proceeding, where such communication is the first written communication with the debtor, without providing the information set forth in subsection (8)(c) of this section in the written communication." RCW 19.16.250(9).

8.3    RCW 19.16.250(8)(c), referenced above, requires that a debt collector include, in relevant part: "the amount owing on the original obligation at the time it was received by the licensee for collection or by assignment," "interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection," an itemized description of any and all costs and fees a collector is seeking on its own or another's behalf, and the date of the last payment made on the account.

8.4    Washington law also makes it a prohibited practice to "Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made." RCW 19.16.250(16).

8.5    Washington law also makes it a prohibited practice to "Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees,

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor." RCW 19.16.250(15).

8.6    Washington law also makes it a prohibited practice to "Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs." RCW 19.16.250(21).

8.7    Washington law also makes it a prohibited practice to "Bring an action or initiate an arbitration proceeding on a claim when the licensee knows, or reasonably should know, that such suit or arbitration is barred by the applicable statute of limitations." RCW 19.16.250(23).

8.8    Defendants violated RCW 19.16.250(16), RCW 19.16.250(21), and RCW 19.16.250(23) by attempting to obtain a judgment against Plaintiff unlawfully and deceptively.

8.9    Defendants knew, or reasonably should have known that their action was barred by the applicable statute of limitations in violation of RCW 19.16.250(23).

8.10    Defendants violated RCW 19.16.250(15) and (16) by representing to Plaintiff that Defendants would seek their costs and fees, when Defendants had no basis in law or agreement to do so in a frivolous, time-barred case.

8.11    Defendants violated RCW 19.16.250(9), (15), (16) and (21) by representing to Plaintiff that Defendants would seek $2,212.78 in interest, where Defendants did not itemize this sum, and, given the alleged principal balance of

PLAINTIFF'S COMPLAINT                                           15

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

$3,757.88 and the alleged 12% per annum, $2,212.78 can only be the interest on a time-barred debt and/or a prohibited collection fee.

8.12   Defendants never alleged a date of default, in violation of RCW 19.16.250(9), (16), and (23).

8.13   Defendants violated RCW 19.16.250(9) by failing to include: the amount owing on the original obligation at the time it was received by the licensee for collection or by assignment, the interest or service charge, collection costs, or late payment charges, if any, added to the original obligation by the original creditor, customer or assignor before it was received by the licensee for collection, an itemized description of any and all costs and fees a collector is seeking on its own or another's behalf, and the date of the last payment made on the account.

8.14   Plaintiff was injured in her property by Defendants' actions.

8.15   Defendant's actions are a direct and proximate cause of Plaintiff's injuries.

8.16   Defendant's actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

8.17   Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## IX.   **FOURTH CAUSE OF ACTION**

### (*Per Se* Consumer Protection Act Violation)

9.1   Plaintiff re-alleges paragraphs 1 through 8, inclusive as though fully set forth herein.

9.2   Washington's CPA states: "Unfair methods of competition and

PLAINTIFF'S COMPLAINT                    16

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020.

9.3     The Washington CPA applies to the actions at issue herein because the Plaintiff is a "consumer" and the Defendant is a "business," the complaint involves conduct which occurred in the course of trade/commerce, the Plaintiff was damaged in his property by Defendant's actions, and the complaint involves a matter of public interest which is capable of repetition and will likely affect other consumers in this state.

9.4     Additionally, Defendants engaged in multiple unfair practices explicitly prohibited by the Washington Collection Agency Act under RCW 19.16.250:

    i.   Defendants failed to provide itemized details about the claim and the date of the last payment, pursuant to RCW 19.16.250(9).

    ii.  Defendants threatened or took action that Defendants could not legally take at the time, pursuant to RCW 19.16.250(16).

    iii. Defendants sought additional amounts that Defendants cannot legally add, pursuant to RCW 19.16.250(15).

    iv.  Defendants attempted to collect amounts not allowed by statute, pursuant to RCW 19.16.250(21).

    v.   Defendants filed and pursued a time-barred action, pursuant to RCW 19.16.250(23).

9.5     The Collection Agency Act states that such collection violations are *per se* violations of the Consumer Protection Act. RCW 19.16.440.

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

9.6    In this case, Defendants brought a time-barred action in Cowlitz County District Court with no standing and no evidence of assent, and after needless litigation, voluntarily dismissed the action when they could no longer maintain their deceit.

9.7    Defendants' actions violated the above-cited sections of the Collection Agency Act.

9.8    Therefore, Defendants' actions represent *per se* violations of the Washington State Consumer Protection Act.

9.9    Plaintiff was injured in her property by Defendants' actions.

9.10    Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

9.11    Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

9.12    Defendant's actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

## X.    FIFTH CAUSE OF ACTION

### (Consumer Protection Act Violation – *In the Alternative*)

10.1    Plaintiff re-alleges paragraphs 1 through 9, inclusive as though fully set forth herein.

10.2    In the alternative, to determine what constitutes an unfair act or practice under Washington's CPA, Washington courts look to the various federal statutes dealing with similar matters.  Lightfoot v. MacDonald, 86 Wn.2d 331, 335, 544 P.2d 88 (1976).  The court in Lightfoot stated:

PLAINTIFF'S COMPLAINT          18

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224    Fax (509) 327-3374

…we are directed by the statute to look to "the various federal statutes dealing with the same or similar matters" in resolving questions which arise under the state act.

Lightfoot at 335.

10.3   One such federal statute which Washington courts look to in determining if a particular act is unfair under Washington's CPA, is the Federal Trade Commission Act, after which Washington's CPA was modeled, and which states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." 15 U.S.C. §45(a)(1).

10.4   The Fair Debt Collection Practices Act, which proscribes specific unfair acts when collecting debts, is another statute that courts have examined to determine if an act is unfair and violative of the state Consumer Protection Act. 15 U.S.C. §1692 et seq.

10.5   In addition to examining federal statutes to determine if a specific act is unfair and violative of the state CPA, Washington Courts also give great weight to Federal Trade Commission (FTC) interpretations of conduct that is unfair or deceptive.   Testo v. Dunmire Oldsmobile, Inc., 554 P.2d 349 (1976) citing Tradewell Stores, Inc. v. T. B. & M., Inc., 7 Wn. App. 424, 500 P.2d 1290 (1972); (examining cases arising under the Federal Trade Commission Act), 15 U.S.C. §45; and RCW 19.86.920.

10.6   In Testo, the court stated:

The courts of this state are specifically directed to "be guided by" federal court interpretations of those various federal statutes after which our Consumer Protection Act is patterned. Testo at 350.

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374

10.7   Based on the above federal and state statutes and case law, this Court should use the FDCPA standards of unfair and deceptive practices to determine if the defendant violated Washington's CPA in the case at hand.

10.8   Under the FDCPA, it is an unfair act/practice to attempt to collect an amount not authorized by contract or law, or to threaten a debtor with actions the collector does not intend to take or cannot take at the time the threat is made, or to engage in any other acts that are unfair or deceptive.

10.9   In this case, Defendants violated the FDCPA and the Washington Collection Agency Act by attempting to collect a time-barred debt and amounts not authorized by contract or law, and by engaging in multiple other unfair and deceptive acts and practices while attempting to collect the subject debt.

10.10 Where Defendants' collection attempts are unfair and deceptive acts or practices in violation of the FDCPA and the Washington State Collection Agency Act, Defendants' collection attempts are likewise unfair acts or practices under this state's Consumer Protection Act.

10.11 Therefore, Defendants committed unfair acts or practices in the conduct of trade or commerce and violated the Washington State Consumer Protection Act (CPA) as codified in RCW 19.86, et seq., where Defendants' collection acts and practices violated the Federal Collection Statute (FDCPA).

10.12 Plaintiff was injured in her property by Defendants' actions.

10.13 Defendants' actions are a direct and proximate cause of Plaintiff's injuries.

10.14 Defendants' actions were intentional, willful, wanton, unfair, unconscionable, and outrageous.

10.15 Defendants' actions illustrate why an injunction is necessary to protect Plaintiff and other Washington debtors from similar harm.

PLAINTIFF'S COMPLAINT                    20                    Robert Mitchell, Attorney at Law
                                                              901 N. Monroe, Suite 356
                                                              Spokane, WA  99201
                                                              (509) 327-2224    Fax (509) 327-3374

# XI.   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

A.    For an Injunction preventing Defendants from ever again contacting Plaintiff for any reason whatsoever, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

B.    For an Injunction preventing Defendants from filing any time-barred action against any Washington State resident/consumer, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

C.    For an Injunction preventing Defendants from ever again collecting upon the subject debt, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

D.    For an Injunction preventing Defendants from ever selling, transferring, or assigning this debt, pursuant to RCW 19.86.090, and Scott v.

PLAINTIFF'S COMPLAINT                    21

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224     Fax (509) 327-3374

Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

E.   For an Injunction preventing Defendants from ever again seeking unlawful collection fees against any Washington State consumer, pursuant to RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

F.   For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450, RCW 19.86.090, and Scott v. Cingular Wireless, 160 Wn.2d 843, 161 P.3d 1000 (2007); Hockley v. Hargitt, 82 Wash.2d 337, 349-50, 510 P.2d 1123 (1973); Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wash.2d 778, 783-84, 719 P.2d 531 (1986); Lightfoot v. MacDonald, 86 Wash.2d 331, 335-36, 544 P.2d 88 (1976);

G.   For Actual and Compensatory damages in an amount to be proven at trial, including Plaintiff's emotional distress damages, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq., and various common law claims;

PLAINTIFF'S COMPLAINT              22          Robert Mitchell, Attorney at Law
                                              901 N. Monroe, Suite 356
                                              Spokane, WA  99201
                                              (509) 327-2224    Fax (509) 327-3374

H.    For Statutory damages in the amount of $1,000 pursuant to 15 U.S.C. §1692, et seq.;

I.    For Incidental and Consequential damages in an amount to be proven at trial;

J.    For treble any "actual" damages up to the amount of $25,000, pursuant to RCW 19.86, et seq.;

K.    For costs and reasonable attorney's fees in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86, et seq.;

L.    For interest on the above amounts as authorized by law;

M.    For other relief as the Court deems just and equitable;

N.    For leave to amend this complaint as needed and as required; and

O.    For leave to amend this complaint to a Fed. R. Civ. P. 23b status as appropriate.

## XII.   REQUEST FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed. R.Civ.Proc. 38.

Dated this 2nd day of January, 2012.

Respectfully submitted,

ROBERT MITCHELL (WSBN 37444)
ATTORNEY AT LAW, PLLC
901 North Monroe Street, Ste 356
Spokane, Washington  99201
Telephone: (509) 327-2224
Facsimile: (509) 327-3374
E-mail: bobmitchellaw@yahoo.com

Robert Mitchell, Attorney at Law
901 N. Monroe, Suite 356
Spokane, WA  99201
(509) 327-2224      Fax (509) 327-3374