1    Honorable Benjamin H. Settle

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8    AT TACOMA

9    GWEN STINSON,

10                                Plaintiff(s),        NO. 3:12-cv-05036-BHS

11         v.                                          CAVALRY PORTFOLIO SERVICES, LLC'S
                                                       ANSWER AND AFFIRMATIVE DEFENSES
12   CAVALRY PORTFOLIO SERVICES, LLC, a                TO PLAINTIFF'S COMPLAINT
     Delaware Limited Liability Company, and
13   NANCY A. SMITH & ASSOCIATES, and
     Oregon Debt Collection Law Firm, and
14   SMITH & GREAVES, LLP, an Oregon Debt              JURY DEMAND
     Collection Law Firm; and NANCY A. SMITH,
15   a Washington Licensed Debt Collection
     Attorney, and JAMES A. UNDERWOOD, a
16   Washington Licensed Debt Collection
     Attorney, and ROBERT D. GREAVES, a
17   Washington Licensed Debt Collection
     Attorney,
18
                                Defendant(s).
19

20         Defendant CAVALRY PORTFOLIO SERVICES, LLC (hereinafter "Cavalry" or "CPS"), by

21   and through its undersigned attorneys, answers Plaintiff's *Complaint for Injunctive Relief for*

22   *Violations of the Washington Consumer Protection Act, the Washington Collection Agency Act,*

23   *and the Fair Debt Collection Practices Act, Inter Alia* dated January 2, 2012 as follows:

24

25

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER          **PREG O'DONNELL & GILLETT** PLLC
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S                1800 NINTH AVENUE, SUITE 1500
COMPLAINT - 1                                        SEATTLE, WASHINGTON  98101-1340
10486-0006  5038914.doc                    TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## A.  <u>NON-WAIVER OF RIGHT TO ARBITRATION</u>

Defendant Cavalry files this *Answer and Affirmative Defenses* to comply with Rule 12 of the Federal Rules of Civil Procedure. By doing so, Cavalry does not intend to waive or otherwise impair its right to enforce the arbitration agreement which binds Plaintiff with respect to the debt obligation described in her Complaint.

## B.  <u>ADMISSIONS AND DENIALS</u>

### I.  STATEMENT OF THE CASE

1.1     Section I of the Complaint does not comply with the pleading requirements of Fed.R.Civ.Proc. 8, particularly with subsection (d)(1), and therefore should be stricken.

1.2     To the extent a further response is necessary, Defendant CPS denies the allegations in Section I except to admit only the following specific allegations: pursuant to a valid assignment from the debt's owner, CPS filed a lawsuit against Plaintiff Gwen Stinson ("Plaintiff" or "STINSON") in the District Court of the State of Washington, Cowlitz County, Cause No. 11C0869 ("Collection Lawsuit"), to collect on Plaintiff's unpaid and defaulted credit card account; documents were placed in the Collection Lawsuit file, including Plaintiff's Credit Card Agreement; Plaintiff was represented by an attorney in the Collection Lawsuit; other pleadings were filed in the Collection Lawsuit and there was correspondence among the parties' attorneys; CPS settled its dispute with Plaintiff in the Collection Lawsuit, in connection with which it dismissed the action against Plaintiff and reimbursed legal costs to her; and Plaintiff's Complaint in this lawsuit includes a request for injunctive relief, which should be denied by the Court.

### II.  PARTIES

2.1     Answering paragraph 2.1, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information.

2.2     Answering paragraph 2.2, Cavalry admits that Plaintiff Gwen Stinson obtained a credit card from Citibank. Cavalry is without knowledge or information sufficient to form a belief

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 2
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

as to the truth or falsity of the remaining allegations in paragraph 2.2 and, therefore, denies the allegations contained therein.

2.3     Answering paragraph 2.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations for lack of sufficient knowledge and information.

2.4     Answering paragraph 2.4, Cavalry denies the allegations except to admit it is a Delaware limited liability company and that it sometimes purchases charged off credit card accounts.

2.5     Answering paragraph 2.5, Cavalry denies the allegations except to admit it sometimes attempts to collect debts, but not third party debts.

2.6     Answering paragraph 2.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry admits its Washington UBI number is 602235105 and that it sometimes acts as a "debt collector" within the meaning of the FDCPA, but denies the remaining allegations for lack of sufficient knowledge and information.

2.7     Answering paragraph 2.7, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations except to admit only it sometimes acts as a "debt collector" and/or "collection agency" within the meaning of the FDCPA, but Cavalry denies sufficient knowledge and information as to whether it so acted with respect to the Plaintiff, and therefore denies same.

2.8     Answering paragraph 2.8, Cavalry denies the allegations for lack of sufficient knowledge and information except to admit only that NANCY A. SMITH & ASSOCIATES, SMITH & GREAVES, and JAMES A. UNDERWOOD (collectively "Attorney Defendants") held themselves out to Cavalry as attorneys licensed to practice law in Washington.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 3
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

2.9     Answering paragraph 2.9, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information.

2.10    Answering paragraph 2.10, Cavalry denies the allegations for lack of sufficient knowledge and information except to admit only that the Attorney Defendants held themselves out to Cavalry as attorneys licensed to practice law in Washington and they represented Cavalry in the Collection Lawsuit.

2.11    Answering paragraph 2.11, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information.

2.12    Answering paragraph 2.12, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information except to admit only that Cavalry attempted in good faith to collect a lawful debt owed by the Plaintiff.

### III.  JURISDICTION AND VENUE

3.1     Responding to paragraph 3.1, Cavalry admits jurisdiction and venue but otherwise denies the allegations contained therein.

3.2     Answering paragraph 3.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

### IV.  FACTS

4.1     Answering paragraph 4.1, Cavalry admits that Plaintiff applied for and received a credit card from Citibank, and she entered into a Card Agreement with Citibank related to her use of the credit card. Cavalry is without knowledge or information sufficient to form a belief as

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 4
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

to the truth or falsity of the remaining allegations and, therefore, denies generally and specifically, each and every allegation contained therein.

4.2     Answering paragraph 4.2, Cavalry admits the same.

4.3     Answering paragraph 4.3, Cavalry denies the allegations contained therein.

4.4     Answering paragraph 4.4, Cavalry denies the allegations contained therein.

4.5     Answering paragraph 4.5, Cavalry admits the same, except to deny the implications of the use of the contentious word "nevertheless".

4.6     Answering paragraph 4.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

4.7     Answering paragraph 4.7, Cavalry denies the allegations contained therein.

4.8     Answering paragraph 4.8, Cavalry denies the allegations contained therein.

4.9     Answering paragraph 4.9, Cavalry admits that it filed Plaintiff's Card Agreement as an exhibit to the Complaint in the Collection Lawsuit. Cavalry denies the remaining allegations in paragraph 4.9, including the implications from the use of the contentious phrase "in fact".

4.10     Answering paragraph 4.10, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry admits it did not file with the Complaint in the Collection Lawsuit an affidavit or declaration along with Plaintiff's Credit Card Agreement, but Cavalry denies it was required to do so and further denies the remaining allegations contained therein.

4.11     Answering paragraph 4.11, Cavalry denies the allegations contained therein except to admit only that a copy of Plaintiff's Credit Card Agreement was properly made part of the Collection Lawsuit court file.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 5
10486-0006  5038914.doc

PREG O'DONNELL & GILLETT PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

4.12    Answering paragraph 4.12, Cavalry denies the allegations therein except to admit only that it did not file a "bill of sale", affidavit, or declaration with the Collection Lawsuit Complaint.

4.13    Answering paragraph 4.13, Cavalry denies the allegations contained therein.

4.14    Answering paragraph 4.14, Cavalry admits the Collection Lawsuit Complaint did not explicitly state the date of Plaintiff's default on her credit card obligations but denies the implications of the contentious word "even".

4.15    Answering paragraph 4.15, Cavalry denies the allegations contained therein.

4.16    Answering paragraph 4.16, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

4.17    Answering paragraph 4.17, Cavalry denies the allegations contained therein, except to admit only that it filed the Collection Lawsuit and Plaintiff was represented by an attorney. Cavalry specifically denies the Collection Lawsuit was frivolous and the implications of the contentious word "nevertheless".

4.18    Answering paragraph 4.18, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information.

4.19    Answering paragraph 4.19, Cavalry admits the Complaint in the Collection Lawsuit did not contain an itemized calculation of Plaintiff's debt, but otherwise denies the allegations therein for lack of sufficient knowledge and information.

4.20    Answering paragraph 4.20, Cavalry admits the Complaint in the Collection Lawsuit did not contain an itemized calculation of Plaintiff's debt or a statement of the date of Plaintiff's last payment on her debt obligation, but otherwise denies the allegations therein including the implications of the contentious words "furthermore" and "most surely".

4.21    Answering paragraph 4.21, Cavalry admits the allegations therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 6
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

4.22     Answering paragraph 4.22, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

4.23     Answering paragraph 4.23, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry admits it dismissed the Collection Lawsuit against Plaintiff but denies there was no evidence of Plaintiff's indebtedness and otherwise denies the allegations therein.

4.24     Answering paragraph 4.24, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations, and asserts it settled its dispute with Plaintiff in the Collection Lawsuit, in connection with which it reimbursed legal costs to Plaintiff.

4.25     Answering paragraph 4.25, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein, including specifically the contentions the Collection Lawsuit was "frivolous, baseless, [and] time-barred".

4.26     Answering paragraph 4.26, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations, and specifically asserts it settled its dispute with Plaintiff in the Collection Lawsuit, in connection with which it reimbursed legal costs to Plaintiff.

4.27     Answering paragraph 4.27, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein except to admit only it filed the Collection Lawsuit.

4.28     Answering paragraph 4.28, Cavalry denies the allegations contained therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 7
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

4.29    Answering paragraph 4.29, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

## V.  FAIR DEBT COLLECTION PRACTICES ACT VIOLATION
### (Application of the Statute)

5.1    Answering paragraph 5.1, Cavalry incorporates by reference its answers to paragraphs 1.1-4.29 above as though fully set forth herein.

5.2    Answering paragraph 5.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

5.3    Answering paragraph 5.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

5.4    Answering paragraph 5.4, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

5.5    Answering paragraph 5.5, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are

incorporated by this reference. Cavalry admits only it sometimes acts as a "debt collector" and/or "collection agency" within the meaning of the FDCPA, but Cavalry denies sufficient knowledge and information as to whether it so acted with respect to the Plaintiff, and therefore denies same.

5.6    Answering paragraph 5.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

5.7    Answering paragraph 5.7, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

5.8    Answering paragraph 5.8, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry admits only it sometimes acts as a "debt collector" and/or "collection agency" within the meaning of the FDCPA, but Cavalry denies sufficient knowledge and information as to whether it so acted with respect to the Plaintiff, and therefore denies same.

### VI.  FIRST CAUSE OF ACTION

**Fair Debt Collection Practices Act Violation
(False, Deceptive or Misleading Representations)**

6.1    Answering paragraph 6.1, Cavalry incorporates by reference its answers to paragraphs 1.1-5.8 above as though fully set forth herein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 9
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

6.2     Answering paragraph 6.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

6.3     Answering paragraph 6.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

6.4     Answering paragraph 6.4, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

6.5     Answering paragraph 6.5, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

6.6     Answering paragraph 6.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

6.7     Answering paragraph 6.7, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry admits filing the Collection Lawsuit but otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

6.8     Answering paragraph 6.8, Cavalry denies the allegations contained therein, except Cavalry admits filing the Collection Lawsuit.

6.9     Answering paragraph 6.9, Cavalry admits the same.

6.10    Answering paragraph 6.10, Cavalry denies the allegations contained therein.

6.11    Answering paragraph 6.11, Cavalry admits it attached a copy of Plaintiff's Credit Card Agreement to the Complaint in the Collection Lawsuit, but Cavalry otherwise denies the allegations contained therein.

6.12    Answering paragraph 6.12, Cavalry denies the allegations contained therein, except Cavalry admits filing the Collection Lawsuit.

6.13    Answering paragraph 6.13, Cavalry denies the allegations contained therein, except Cavalry admits filing the Collection Lawsuit.

6.14    Answering paragraph 6.14, Cavalry denies the allegations contained therein.

6.15    Answering paragraph 6.15, Cavalry admits it settled its dispute with Plaintiff in the Collection Lawsuit and, in connection with that settlement, it dismissed the Collection Lawsuit against the Plaintiff. Cavalry denies the remaining allegations contained therein.

6.16    Answering paragraph 6.16, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry admits it settled its dispute with Plaintiff in the Collection Lawsuit, in connection with which it dismissed that action and reimbursed legal costs to Plaintiff, but denies the remaining allegations therein.

6.17    Answering paragraph 6.17, Cavalry denies the allegations contained therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 11
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

6.18    Answering paragraph 6.18, Cavalry denies the allegations contained therein.

6.19    Answering paragraph 6.19, Cavalry denies the allegations contained therein, except Cavalry admits filing the Collection Lawsuit.

6.20    Answering paragraph 6.20, Cavalry denies the allegations contained therein.

6.21    Answering paragraph 6.21, Cavalry denies the allegations contained therein.

6.22    Answering paragraph 6.22, Cavalry denies the allegations contained therein.

## VII.    SECOND CAUSE OF ACTION

### Fair Debt Collection Practices Act Violation
### (Unfair Practices - Threats)

7.1.    Answering paragraph 7.1, Cavalry incorporates by reference its answers to paragraphs 1.1-6.22 above as though fully set forth herein.

7.2    Answering paragraph 7.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry otherwise denies the allegations contained therein for lack of sufficient knowledge and information.

7.3    Answering paragraph 7.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

7.4    Answering paragraph 7.4, Cavalry admits the same.

7.5    Answering paragraph 7.5, Cavalry denies the allegations contained therein.

7.6    Answering paragraph 7.6, Cavalry denies the allegations contained therein.

7.7    Answering paragraph 7.7, Cavalry denies the allegations contained therein.

7.8    Answering paragraph 7.8, Cavalry denies the allegations contained therein.

7.9    Answering paragraph 7.9, Cavalry denies the allegations contained therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 12
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

7.10 Answering paragraph 7.10, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information.

7.11 Answering paragraph 7.11, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

7.12 Answering paragraph 7.12, Cavalry denies the allegations contained therein.

7.13 Answering paragraph 7.13, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

## VIII.   THIRD CAUSE OF ACTION
### (State Collection Agency Act Violation)

8.1 Answering paragraph 8.1, Cavalry incorporates by reference its answers to paragraphs 1.1-7.13 above as though fully set forth herein.

8.2 Answering paragraph 8.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

8.3 Answering paragraph 8.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

8.4 Answering paragraph 8.4, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 13
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

8.5     Answering paragraph 8.5, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

8.6     Answering paragraph 8.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

8.7     Answering paragraph 8.7, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

8.8     Answering paragraph 8.8, Cavalry denies the allegations contained therein.

8.9     Answering paragraph 8.9, Cavalry denies the allegations contained therein.

8.10    Answering paragraph 8.10, Cavalry denies the allegations contained therein.

8.11    Answering paragraph 8.11, Cavalry admits the Complaint in the Collection Lawsuit did not contain an itemized calculation of Plaintiff's debt, but otherwise denies the allegations therein.

8.12    Answering paragraph 8.12, Cavalry admits the Collection Lawsuit Complaint did not explicitly state the date of Plaintiff's default on her credit card obligations, but it denies the remaining allegations contained therein.

8.13    Answering paragraph 8.13, Cavalry admits the Collection Lawsuit Complaint did not allege a date of default on Plaintiff's credit card obligation, but it denies the remaining allegations contained therein.

8.14    Answering paragraph 8.14, Cavalry denies the allegations contained therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 14
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

8.15    Answering paragraph 8.15, Cavalry denies the allegations contained therein.

8.16    Answering paragraph 8.16, Cavalry denies the allegations contained therein.

8.17    Answering paragraph 8.17, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

## IX.    FOURTH CAUSE OF ACTION
### (*Per Se* Consumer Protection Act Violation)

9.1    Answering paragraph 9.1, Cavalry incorporates by reference its answers to paragraphs 1.1-8.17 above as though fully set forth herein.

9.2    Answering paragraph 9.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference.

9.3    Answering paragraph 9.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

9.4    Answering paragraph 9.4, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

9.5    Answering paragraph 9.5, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

9.6    Answering paragraph 9.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 15
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

9.7     Answering paragraph 9.7, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein for lack of sufficient knowledge and information.

9.8     Answering paragraph 9.8, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

9.9     Answering paragraph 9.9, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

9.10    Answering paragraph 9.10, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

9.11    Answering paragraph 9.11, Cavalry denies the allegations contained therein.

9.12    Answering paragraph 9.12, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

## X.    FIFTH CAUSE OF ACTION
### (Consumer Protection Act Violation - *In the Alternative*)

10.1    Answering paragraph 10.1, Cavalry incorporates by reference its answers to paragraphs 1.1-9.12 above as though fully set forth herein

10.2    Answering paragraph 10.2, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited case speaks for itself, but denies Plaintiff's interpretation of the case.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 16
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

10.3     Answering paragraph 10.3, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited statute sections speak for themselves and are incorporated by this reference. Cavalry denies the remainder of the allegations therein.

10.4     Answering paragraph 10.4, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.5     Answering paragraph 10.5, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.6     Answering paragraph 10.6, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry asserts the text of the cited case speaks for itself, but denies Plaintiff's interpretation of the case.

10.7     Answering paragraph 10.7, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.8     Answering paragraph 10.8, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.9     Answering paragraph 10.9, Cavalry denies the allegations contained therein.

10.10    Answering paragraph 10.10, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.11    Answering paragraph 10.11, Cavalry denies the allegations contained therein.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 17
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

10.12   Answering paragraph 10.12, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.13   Answering paragraph 10.13, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

10.14   Answering paragraph 10.14, Cavalry denies the allegations contained therein.

10.15   Answering paragraph 10.15, Cavalry states that these are arguments and legal conclusions which are not subject to denial or admission. To the extent a further response is required, Cavalry denies the allegations contained therein.

## XI.  OTHER DENIALS

Defendant Cavalry denies all other allegations in the Plaintiff's Complaint not specifically addressed elsewhere in the Answer.

## C.  AFFIRMATIVE DEFENSES

## XII.    FAILURE TO STATE A CLAIM

The Complaint herein, and each cause of action thereof, fails to set forth facts sufficient to state a claim upon which relief may be granted against Cavalry and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or to any other relief whatsoever from Cavalry.

## XIII.    ARBITRATION

The terms and conditions applicable to Plaintiff's account and debt at issue provide for arbitration of claims related to the account at the option of either party. Cavalry is a third party beneficiary of Plaintiff's agreement to arbitrate all disputes related to the debt at issue. Defendant Cavalry hereby demands arbitration in accordance with the provisions of that agreement. The Court should dismiss or stay this action pending completion of arbitration.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 18
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT PLLC**
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1

### XIV.    RIGHT TO SET-OFF

2

Cavalry may be entitled to a set-off of any potential damages.

3

### XV.    SETTLEMENT AND RELEASE

4

Plaintiff's settlement with Defendant Cavalry in the Collection Lawsuit effected a release

5

of all claims against Defendant Cavalry which she asserted in her Complaint.

6

### XVI.    ACCORD AND SATISFACTION

7

Plaintiff's settlement with Defendant Cavalry in the Collection Lawsuit effected an accord

8

and satisfaction of all claims she asserted in her Complaint.

9

### XVII.    ERROR

10

Any violation of the Fair Debt Collection Practices Act ("FDCPA") by Cavalry, which

11

Cavalry denies, was not intentional and resulted from bona fide error notwithstanding the

12

maintenance of procedures reasonably adapted to avoid any such error.

13

### XVIII.    LACHES

14

The Complaint, and particularly Plaintiff's claim for injunctive relief therein, is barred by

15

laches.

16

### XIX.    MOOTNESS

17

The Complaint, and particularly Plaintiff's claim for relief therein, is barred by mootness.

18

### XX.    INDEMNIFICATION AND/OR ALLOCATION OF FAULT

19

Any damages allegedly suffered by Plaintiff were caused, at least in part, or contributed

20

to by conduct and fault of persons over whom Cavalry had neither control nor responsibility,

21

including the Plaintiff. Cavalry is therefore entitled indemnity and/or contribution from all such at-

22

fault persons under RCW Chap. 4.22.

23

24

25

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 19
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC

1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON 98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## XXI.   CONTRIBUTORY / COMPARATIVE FAULT

Any damages sustained by Plaintiff were caused, at least in part, or contributed to, by the actions and fault of Plaintiff herself and resulted from Plaintiff's own negligence and, therefore, the doctrine of comparative negligence should be applied.

## XXII.   ESTOPPEL

Any damages that Plaintiff may have suffered, which Cavalry denies, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

## XXIII.  STATUTE OF LIMITATIONS

Some or all of the claims for relief in the Complaint are barred or reduced by the applicable statutes of limitation.

## XXIV.  FAILURE TO MITIGATE

Plaintiff has failed to mitigate her damages.

## D.  ADDITIONAL DEFENSES AND CLAIMS

Cavalry does not waive, but rather it expressly reserves, any and all other defenses, affirmative defenses, claims, counterclaims, cross claims, and third party claims it may have based on the evidence known at the time of trial. Cavalry reserves the right to assert such additional defenses and claims as such time and to such extent as warranted by discovery and the factual development of this case.

## E.  REQUEST FOR TRIAL BY JURY

Without waiving its right to compel arbitration of the dispute between the parties as provided by the written agreement between the parties, if the Court denies Cavalry's demand for arbitration then Cavalry requests a trial by jury pursuant to U.S. Const. Amend. 7, Fed.R.Civ.Proc. 38.

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 20
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**F.  <u>PRAYER FOR RELIEF</u>**

Wherefore, having fully answered Plaintiff's Complaint, Defendant Cavalry Portfolio Services, LLC prays for the following relief:

1)   That the Court dismiss or stay this matter and order the Plaintiff to arbitrate all of her disputes.

2)   That Plaintiff takes nothing by virtue of the Complaint herein and that this action be dismissed in its entirety.

3)   That the Court award Cavalry judgment against Plaintiff for Cavalry's litigation costs and expenses incurred herein including, without limitation, the following items: court costs, statutory attorneys' fees, reasonable attorneys' fees, and prejudgment interest.

4)   That the Court award Cavalry such other and further relief as the Court deems just and proper.

DATED this 9th day of April, 2012.

PREG O'DONNELL & GILLETT PLLC


By  *s/William E. Fitzharris, Jr.*
　　William E. Fitzharris, Jr.
　　WSBA #7122
Attorneys for Defendant Cavalry Portfolio
Services, LLC

CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record listed below:

**_For Plaintiff_**
Robert D. Mitchell
*bobmitchellaw@yahoo.com*

**_For Defs. Nancy A. Smith & Associates; Smith & Greaves LLP; James A. Underwood; Nancy A. Smith; and Robert D. Greaves_**
Suzanne K. Pierce, WSBA #22733
*spierce@davisrothwell.com*

_s/William E. Fitzharris, Jr._
William E. Fitzharris, Jr., WSBA #7122
Email:  *wfitzharris@pregodonnell.com*
Mary C. Eklund, WSBA #12416
Email*:  meklund@pregodonnell.com*
Attorneys for Def. Cavalry Portfolio Services, Inc.
PREG O'DONNELL & GILLETT PLLC
1800 Ninth Ave., Suite 1500
Seattle, WA  98101-1340
Telephone:   (206) 287-1775

CAVALRY PORTFOLIO SERVICES, LLC'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S
COMPLAINT - 22
10486-0006  5038914.doc

**PREG O'DONNELL & GILLETT** PLLC
1800 NINTH AVENUE, SUITE 1500
SEATTLE, WASHINGTON  98101-1340
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113